**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | | |
|---|---|---|
| **BOS FABRICATION ENGINEERING SERVICES PTY LTD,** | ) | Civil Action No. |
| Plaintiff, | ) | PATENT CASE |
| v. | ) | |
| **RED PATRIOT INC, d/b/a TRAILER GEARBOX** | ) | DEMAND FOR A JURY TRIAL |
| Defendant. | ) | PERMANENT INJUNCTIVE RELIEF REQUESTED |

## COMPLAINT AND REQUEST FOR AN INJUNCTION

Plaintiff, BOS Fabrication Engineering Services Pty Ltd ("BOS" or "Plaintiff"), by and through its undersigned counsel, and for its Complaint against Defendant, Red Patriot Inc d/b/a Trailer Gearbox ("Defendant"), alleges as follows:

## THE PARTIES

1. Plaintiff, BOS Fabrication Engineering Services Pty Ltd, is a company organized and existing under the laws of Australia, with a principal place of business at 6 Dunheved Circuit, St Mary's NSW 2760, Sydney, Australia.

2. Plaintiff is the owner and assignee of all rights, title, and interest in and to U.S. Patent No. 9,937,903 (‘903 Patent), and has all necessary rights to bring this action.

3. Plaintiff is engaged in the business of, among other things, manufacturing and selling support and stabilization systems for towed vehicles, specifically including powered telescopic trailer jacks utilizing the technology of the ‘903 Patent.

4. Upon information and belief, Defendant Red Patriot Inc. is a corporation organized and existing under the laws of the State of Florida, with a principal place of business at 1241 Produce Alley, Deland, FL 32724.

5. At all relevant times, Red Patriot Inc. has conducted business, manufactured, and sold specialized support and stabilization systems for towed vehicles, specifically including powered telescopic trailer jacks, under the registered fictitious name and/or d/b/a “Trailer Gearbox”. (Hereinafter, Red Patriot Inc. and its d/b/a Trailer Gearbox are collectively referred to as “Defendant”).

6. Defendant is a direct competitor of Plaintiff.

## <u>JURISDICTION AND VENUE</u>

7. This is an action for patent infringement that arises under the patent laws of the United States, 35 U.S.C. § 1 et seq.

8. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. This Court has subject matter jurisdiction over the false marking claim pursuant to 28 U.S.C. § 1331 and 35 U.S.C. § 292.

10. This Court has personal jurisdiction over Defendant because Defendant maintains its principal place of business within this District, is incorporated or organized within the State of Florida, and has committed acts of infringement within this District.

11. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1400(b) and 1391(b) because Defendant is incorporated in the State of Florida and commits acts of infringement in this district, as well as resides in this District and has a regular and established place of business at 1241 Produce Alley, Deland, FL 32724.

## THE PATENT IN SUIT

12. On April 10, 2018, the U.S. Patent and Trademark Office duly and legally issued the '903 Patent. A copy of the '903 Patent is attached as Exhibit A.

13. The '903 Patent is a National Stage Entry of PCT/AU2014/000143, filed on February 19, 2014, which claims the benefit of

Australian Patent Application No. 2013200923, filed on February 19, 2013, now registered.

14. The '903 Patent is generally directed to a jack assembly with a telescopic column that is extended and retracted by an integrated gearbox specifically designed to be driven by a portable, hand-held power tool.

15. In general, the inventions set forth in the '903 Patent allow users to rapidly and effortlessly raise or lower heavy towed vehicles by simply coupling a standard cordless drill to the jack's rotary connector, eliminating the need for bulky built-in motors or manual labor.

16. Under 35 U.S.C. § 282, Plaintiff's '903 Patent is presumed valid.

17. Plaintiff makes, uses, sells, and offers jack assemblies for sale that practice the inventions set forth in the claims of the '903 Patent.

## BACKGROUND

18. Plaintiff is a reputable leader in the design, engineering, and manufacture of support and stabilization systems, including specifically Boss's jack assembly.

19. Plaintiff's patented jack assembly is highly beneficial for use on A-frame trailers and other towed vehicles that require frequent height adjustments to the drawbar. By allowing users to couple a standard cordless

drill to the jack's rotary connector, the invention enables users to rapidly and effortlessly raise or lower heavy loads, eliminating the need for bulky built-in motors or strenuous manual cranking.

20. The patented jack assembly is highly beneficial for use on A-frame trailers and other towed vehicles that require frequent height adjustments to the drawbar. It is particularly advantageous in environments where users are managing heavy loads, as it allows them to quickly and effortlessly hitch or unhitch the trailer using a standard cordless drill instead of engaging in strenuous manual cranking.

21. A simplified depiction of the patented jack assembly and inventions of the ‘903 Patent may be seen in FIGS. 5 and 6 from the ‘903 Patent, shown below, which generally depicts a perspective view of the gear box and a sectioned view of the jack assembly with the gear box attached:




FIG 5




FIG 6

22. Defendant is a direct competitor of Plaintiff.

23. Without authorization from Plaintiff, Defendant makes, uses, offers for sale, and sells infringing jack assemblies, including jack assemblies under the trade name “Speed Jack” (“Accused Product”). An image of the Accused Product offered for sale on Defendant’s website is reproduced below:




24. The Accused Product is available for purchase through Defendant’s website, www.trailergearbox.com, and is offered for delivery within this Judicial District.

25. On or about July 7, 2025, Plaintiff provided actual notice to Defendant of its infringement of the ‘903 Patent.

26. On or about July 29, 2025, Plaintiff reiterated its notice to Defendant of its infringement of the '903 Patent and requested information regarding Defendant's "patent pending" claims. *See* Exhibit B, page 2. Despite this actual, pre-suit knowledge, Defendant has willfully continued to manufacture, sell, and offer the Accused Product for sale.

27. Attached hereto as Exhibit B are images showing a commercial embodiment of the Accused Product.

**COUNT I**

**DIRECT INFRINGEMENT OF U.S. PATENT NO. 9,937,903**

28. Plaintiff incorporates by reference the allegations of paragraphs 1-27, above.

29. Plaintiff purchased, through its counsel, the Accused Product directly from Defendant.

30. Certain aspects of the Accused Product are shown in the following photographs:









31. Defendant has infringed at least claims 1-4 and 6-8 of the ‘903 Patent by making, using, offering for sale, or selling the Accused Product covered by those claims in violation of 35 U.S.C. § 271(a).

32. As an example, claim 1 of the ‘903 Patent reads:

1. A jockey wheel including

   a telescopic column for attachment to a towed vehicle, to raise and lower a draw bar of the vehicle, wherein the column includes:

a drive mechanism with a rotary input that rotates to cause the column to extend or retract; and

a gear box with a rotary connector adapted to connect to and be driven by a power tool, wherein the gear box comprises

an output gear having a socket that drives the rotary input so as to provide for geared operation of the drive mechanism, wherein

the gear box is mounted over a top end of the column such that the socket of the output gear fits over and engages the rotary input, wherein

the output gear and the rotary input have a common rotational axis, and wherein

the rotary connector has a rotational axis that is parallel to the common rotational axis.

33. With reference to photographs of the Accused Product, the following paragraphs identify, in non-exhaustive manner, the elements in Defendant's Accused Product, that, on information and belief, correspond to the elements of the claims of the '903 Patent.

34. As shown in the annotated photographs of the Accused Product (below) with respect to claim 1 of the '903 Patent, the Accused Product has a telescopic column (blue) for attachment to a towed vehicle, to raise and lower a draw bar of the vehicle:




35. As shown in the annotated photographs of the Accused Product (below) with respect to claim 1 of the '903 Patent, the Accused Product has a drive mechanism with a rotary input (red) that rotates to cause the column (blue) to extend or retract.



36. As shown in the annotated photographs of the Accused Product (below) with respect to claim 1 of the '903 Patent, the Accused Product has a gear box (light blue) with a rotary connector (brown) adapted to connect to and be driven by a power tool.




37. As shown in the annotated photographs of the Accused Product (below) with respect to claim 1 of the ‘903 Patent, the Accused Product has an output gear (dark blue) having a socket (grey) that drives the rotary input (red) so as to provide for geared operation of the drive mechanism:






38. As shown in the annotated photographs of the Accused Product (below) with respect to claim 1 of the '903 Patent, the Accused Product's gear box (light blue) is mounted over a top end of the column (blue) such that the socket (grey) of the output gear (dark blue) fits over and engages the rotary input (red):




39. As shown in the annotated photographs of the Accused Product (below) with respect to claim 1 of the '903 Patent, the Accused Product's output gear (dark blue) and the rotary input (red) have a common rotational axis (purple):




40. As shown in the annotated photographs of the Accused Product (below) with respect to claim 1 of the '903 Patent, the Accused Product's rotary connector (brown) has a rotational axis (light purple) that is parallel to the common rotational axis (purple):




41. Claim 2 of the '903 Patent reads:

2. The jockey wheel of claim 1, wherein the rotary input is located at one end of the column and the gear box includes a

housing that sits over the one end of the column such that the rotary input connects with the output gear of the gear box.

42. As shown in the annotated photographs of the Accused Product (below) with respect to claim 2 of the '903 Patent, the Accused Product's rotary input (red) is located at one end of the column (blue) and the gear box (light blue) includes a housing that sits over the one end of the column such that the rotary input connects with the output gear (dark blue) of the gear box:




43. Claim 3 of the '903 Patent reads:

> 3. The jockey wheel of claim 2, wherein the jockey wheel fitted with the gear box is portable and demountable from the draw bar.

44. With respect to claim 3 of the '903 Patent, the Accused Product is fitted with a gear box, is portable, and is demountable from the draw bar.

45. Claim 4 of the '903 Patent reads:

> 4. The jockey wheel of claim 2, wherein the gear box further includes an input gear coupled to the rotary connector.

46. As shown in the annotated photographs of the Accused Product (below) with respect to claim 4 of the '903 Patent, the Accused Product's gear box (light blue) further includes an input gear coupled to the rotary connector (brown):






47. Claim 6 of the '903 Patent reads:

6. The jockey wheel of claim 2, wherein the rotary input includes a pin to lock the output gear onto the rotary input.

48. As shown in the annotated photographs of the Accused Product (below) with respect to claim 6 of the '903 Patent, the Accused Product's rotary input (red) includes a pin to lock the output gear (dark blue) onto the rotary input:



49. Claim 7 of the '903 Patent reads:

7. The jockey wheel of claim 1, further including a coupling at a lower end of the column for connection with a mount of a wheel.

50. As shown in the photographs of the Accused Product (below) with respect to claim 7 of the '903 Patent, the Accused Product includes a coupling at a lower end of the column for connection with a mount of a wheel:



51. Claim 8 of the '903 Patent reads:

> 8. The jockey wheel of claim 7, wherein the coupling includes a release pin to rotatably hold the mount to the column.

52. As shown in the photographs of the Accused Product (below) with respect to claim 7 of the '903 Patent, the Accused Product includes a release pin to rotatably hold the mount to the column:



53. Because Plaintiff and Defendant are direct competitors in a niche market, Defendant's unauthorized sales of the Accused Product cause

Plaintiff to suffer irreparable harm including, but not limited to, price erosion, loss of market share, and loss of brand goodwill, for which there is no adequate remedy at law.

54. The balance of hardships favors Plaintiff, and the public interest is not disserved by the issuance of an injunction to enforce Plaintiff's valid patent rights.

55. Plaintiff has also been damaged by Defendant's acts of infringement in an amount that will be determined after Plaintiff has had a reasonable opportunity for discovery.

56. Plaintiff is entitled to a preliminary and permanent injunction and to an award of damages as a consequence of Defendant's acts of infringement.

**COUNT II**

**INDUCED INFRINGEMENT (35 U.S.C. § 271(b))**

57. Plaintiff realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 27 above.

58. Defendant has actively induced and continues to actively induce infringement of at least Claim 1 of the '903 Patent in violation of 35 U.S.C. § 271(b).

59. Third parties, including Defendant's customers and end-users, directly infringe the '903 Patent by making and/or using the Accused Product in the United States.

60. Defendant knowingly and intentionally induces these third parties to commit these acts of direct infringement by instructing them to couple the Accused Product to a towed vehicle and operate the drive mechanism with a power tool, exactly as claimed in the '903 Patent.

61. Defendant expressly states in its marketing that the device allows users to "effortlessly raise or lower your trailer with a cordless drill." When a customer follows these instructions and couples a drill to the gearbox via the "Drive Key," they "make" or "use" the patented invention.

62. Defendant has had actual knowledge of the '903 Patent since at least July 7, 2025. With this knowledge, Defendant has possessed the specific intent to encourage another's infringement and knew that the acts it induced constituted infringement of the '903 Patent.

**COUNT III**

**CONTRIBUTORY INFRINGEMENT (35 U.S.C. § 271(c))**

63. Plaintiff realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 27 above.

64. Third parties, including Defendant's customers, directly infringe the '903 Patent by making and using trailer jack assemblies incorporating Defendant's components.

65. Defendant offers for sale and sells a "Drive Key" to couple the gearbox to a drill, a "Rebuild Kit" to replace damaged gears, as well as standalone "Speed Jack" units, which are material components of the invention claimed in the '903 Patent.

66. Defendant markets these components as being "to couple the Gearbox to any 18V or higher drill," "to rebuild your Trailer Gearbox if damaged," or "specifically made to replace your A-Frame Jack."

67. These components are not staple articles or commodities of commerce suitable for substantial non-infringing use. Their unique configuration (e.g., the output gear socket and mounting interface) renders them useful only for the infringing jack assembly.

68. Defendant sells these components with knowledge that they are especially made or adapted for use in an infringement of the '903 Patent.

69. Defendant's acts of contributory infringement have proximately caused and continue to cause damages to Plaintiff.

**COUNT IV**

**FALSE MARKING (35 U.S.C. § 292)**

70. Plaintiff realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 27 above.

71. Defendant markets and sells gearboxes, including the Accused Product.

72. Defendant sells the Accused Product on the website, https://trailergearbox.com/.

73. Defendant advertises that the Accused Product "is a patent pending, precision manufactured, solid billet cased, torque amplifying, gearbox integrated on a 5000lb. Top Wind A-Frame Jack." *See* Exhibit B, page 2.

74. Defendant virtually marks the Accused Product as a commercial embodiment of a "pending patent" and, in doing so, Defendant stifles competition by promoting a false narrative that the Accused Product is unlike other competitors' jacks and Defendant's products will be patented:




(See https://web.archive.org/web/20250808080642/https://trailergearbox.com/products/speed-jack-5000lbs-15-lift, last accessed August 8, 2025, Exhibit B, page 2) (see also, https://fentontradingpost.com/part-detail/trailer-gearbox--speed-jack--5k-lbs-15-lift-4614, last accessed October 13, 2026)

75. Upon information and belief, formed after a diligent search of the United States Patent and Trademark Office (USPTO) patent application databases, neither Red Patriot Inc., Trailer Gearbox, nor their known principals have any published patent applications pending that cover the Accused Product.

76. Defendant has knowingly and intentionally publicly represented, and continues to publicly represent, that the Accused Product is covered by pending patents.

77. Defendant acted with the specific intent to deceive the public, competitors, and consumers, knowing that no such patent application was pending, yet prominently displaying "patent pending" on its primary sales channels to wrongfully deter competition. *See* Exhibit B, page 2.

78. Despite receiving Plaintiff's July 29, 2025 notice requesting information regarding these patents, Defendant continued its false marking practices as recently as August 8, 2026. (*See* https://web.archive.org/web/20250808080642/https://trailergearbox.com/products/speed-jack-5000lbs-15-lift, and https://fentontradingpost.com/part-detail/trailer-gearbox--speed-jack--5k-lbs-15-lift-4614, last accessed October 13, 2026)

79. Plaintiff and Defendant are direct competitors in the market for support and stabilization systems for towed vehicles, manufacturing and selling competing vehicle jacks to the same target customers.

80. Defendant's false marking scheme wrongfully cultivates a reputation of innovation, creating a false narrative that its products are uniquely protected and superior to competitors' offerings. By falsely marking the Accused Product as "patent pending," (*See* Exhibit B, page 2) and, on

information and belief, affirmatively advising competitors that the Accused Product is patent-protected, Defendant sought to gain an unfair economic advantage. This deception misled competitors, including Plaintiff, and the public into believing that they could not manufacture or purchase a product with similar features without infringing Defendant's purported intellectual property rights.

81. As a direct and proximate result of Defendant's deceptive false marking scheme, Plaintiff's competitive relationship with Defendant has been improperly upset, causing Plaintiff to suffer competitive injury including, but not limited to, lost sales, loss of market share, direct diversion of potential customers, and lessened brand goodwill, in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE and respectfully requests that this Court enter judgment in its favor and against Defendant as follows:

A. Adjudging that Defendant has infringed the '903 Patent;

B. Adjudging that Defendant's infringement of the '903 Patent has been willful;

C. Adjudging that Defendant has falsely marked products in violation of 35 U.S.C. § 292;

D. Entering a permanent injunction enjoining Defendant, its officers, agents, servants, employees, and all persons in active concert or participation with it, from further infringing the '903 Patent;

E. Awarding Plaintiff damages adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty, pursuant to 35 U.S.C. § 284;

F. Awarding Plaintiff treble damages for willful infringement pursuant to 35 U.S.C. § 284;

G. Awarding Plaintiff damages for competitive injury resulting from false marking pursuant to 35 U.S.C. § 292(b);

H. Declaring this case exceptional and awarding Plaintiff its reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

I. Awarding Plaintiff its costs and expenses in this action;

J. Awarding Plaintiff pre-judgment and post-judgment interest; and

Granting Plaintiff such other and further relief as the Court deems just and proper.

Respectfully Submitted,

*/s/ Adam Joshua Woodward*

BY: ADAM JOSHUA WOODWARD
Florida Bar No. 1029147
E-mail:
Adam@woodwardIP.com
27499 Riverview Center Blvd
Suite 246
Bonita Springs, FL 34134
Telephone: (770) 421-5414
*Attorney for Plaintiff*